UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    .
                        .
        Plaintiff,     .  CR No. 21-0567-02 (RCL)
                        .
    v.                .
                        .
CHARLES BRADFORD SMITH,    .  Washington, D.C.
                        .  Thursday, June 23, 2022
        Defendant.    .  2:12 p.m.
.  .  .  .  .  .  .  .  .  .  .  .  .  .

TRANSCRIPT OF PLEA HEARING
BEFORE THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

<u>APPEARANCES</u>:

For the Government:          COURTNEY LEE, AUSA
                              SETH A. MEINERO, AUSA
                              U.S. Attorney's Office
                              601 D Street NW
                              Washington, DC 20530
                              (202) 252-7566

For Defendant:               PETER A. COOPER, ESQ.
                              400 5th Street NW
                              Suite 350
                              Washington, DC 20001
                              (202) 400-1434

Court Reporter:             BRYAN A. WAYNE, RPR, CRR
                              U.S. Courthouse, Room 4704-A
                              333 Constitution Avenue NW
                              Washington, DC 20001
                              (202) 354-3186

Proceedings reported by stenotype shorthand.
Transcript produced by computer-aided transcription.

P R O C E E D I N G S

(Via Videoconference)

THE DEPUTY CLERK:  Judge, this is criminal action 21-567, United States versus Charles Bradford Smith. For the United States I have Courtney Lee and Seth Meinero, for the defendant, I have Peter Cooper, and our court reporter today is Bryan Wayne.  All parties are present.

THE COURT:  All right.  I understand, Mr. Smith, you wish to enter a plea of guilty in the case.  I have to ask you a series of questions to be sure you understand your rights and that you're doing this voluntarily.  So first, I'll ask the clerk to place you under oath.  Can you hear me okay?

THE DEPUTY CLERK:  Yes, Judge.  We can hear you. Mr. Smith, can you please raise your right hand?

(The defendant is sworn.)

THE DEPUTY CLERK:  Can you please state your name for the record.

THE DEFENDANT:  Charles Bradford Smith.

THE DEPUTY CLERK:  Thank you, sir.

THE COURT:  You have a right, of course, to appear before me in person, but you're appearing by video.  I take it you agree to that.

THE DEFENDANT:  Yes, I do, Your Honor.

THE COURT:  Okay.  Where are you?

THE DEFENDANT:  South Central Pennsylvania, at my home.

1          THE COURT:  Okay.  Okay.  I first want you to

2     understand, your answers to my questions are subject to

3     penalty of perjury or making a false statement if you don't

4     answer my questions truthfully.  Do you understand that?

5          THE DEFENDANT:  Yes, I do, Your Honor.

6          THE COURT:  Let me ask counsel, does either counsel

7     have any questions of the defendant's competence to enter a

8     plea at this time?

9          MS. LEE:  Not from the government, Your Honor.

10          MR. COOPER:  No, Your Honor, not from me either.

11          THE COURT:  Okay.  I find the defendant is competent.

12       Have you had adequate time now and opportunity to discuss

13     this case with Mr. Cooper, your attorney?

14          THE DEFENDANT:  Yes, I have.

15          THE COURT:  Are you satisfied with Mr. Cooper's

16     representation of you in this matter?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Okay.  You understand that under the

19     Constitution and laws of the United States, you're entitled

20     to a trial by jury on these charges?

21          THE DEFENDANT:  Yes, I am, Your Honor.

22          THE COURT:  You understand, if there were a trial,

23     you'd be presumed to be innocent.  The government would be

24     required to prove you guilty by competent evidence beyond a

25     reasonable doubt before you could be found guilty?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  You understand, if there were a trial,

3     witnesses for the government would have to come to court

4     and testify in your presence, and your attorney could

5     cross-examine those witnesses, could object to evidence

6     offered by the prosecutor, and could offer evidence on your

7     behalf.

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  You understand you'd have the right to

10    testify at your trial, but you'd also have the right not to

11    testify and no inference or suggestion of guilt could be

12    drawn from the fact that you did not testify.

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  You understand, if I accept your plea,

15    you waive these rights, there will be no trial, and I'll

16    enter a judgment of guilty on your plea alone today.

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  If you plead guilty, do you understand

19    you'll also waive your right not to incriminate yourself since

20    you must acknowledge that you are guilty before I accept your

21    plea?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Having discussed your rights with you,

24    do you still wish to plead guilty?

25         THE DEFENDANT:  Yes.  I still do, Your Honor.

1          THE COURT:  Okay.  Do you have a copy of the indictment

2     there with you?

3          THE DEFENDANT:  The only papers I have with me right

4     now are just the ones I signed.

5          THE COURT:  Okay.  The plea agreement?

6          THE DEFENDANT:  Yes.

7          THE COURT:  All right.  I'm going to go over with you

8     the exact charges you're pleading guilty to so that I'm sure

9     that you understand exactly what you're pleading to.

10         I understand from the papers that you're going to plead

11    guilty to Count 1 and to a lesser-included offense of Count 4

12    in the superseding indictment.  So what I have here is the

13    superseding indictment, which I have as document No. 39.

14         Is that -- both counsel agree that's the correct document

15    to read from?

16         MS. LEE:  That's correct, Your Honor.

17         MR. COOPER:  Yeah.  That's right, Your Honor.

18         THE COURT:  Okay.  So in Count 1, it reads that the

19    original 13 counts are realleged, and then it says: Between

20    November 4, 2020, and January 7, 2021, within the District of

21    Columbia and elsewhere, Marshall Neefe and you, together with

22    others, did conspire to correctly obstruct, influence, and

23    impede an official proceeding, to wit: the certification of

24    the Electoral College vote.

25         And then in the next paragraph it goes, Acts in furtherance

of the conspiracy, and it lists that you and Neefe were
planning and alleges acts from at least November 4, 2020,
continuing up to and including November 6, 2021. Neefe and
you used Facebook to communicate with each other and others
to express dissatisfaction with the results of the 2020
presidential election and shared thoughts about how Donald
Trump could remain president following the certification of
the Electoral College vote set to occur in Washington, D.C.,
on January 6, 2021.

Then in paragraph 17 it alleges that on November 4, 2020,
the day after election day, Neefe wrote to you, "I'm getting
ready to storm DC...Seriously though if biden wins there's a
good chance I'll do something for the better of man."

And then it alleges that you remarked, "We all deep down
knew this was how the election was going to go. Now if Trump
wins the riots will be 50 times worse."

And Neefe replied, "Hope it burns either way."

And that you added, it alleges, "Me too. This country
needs to split up immediately."

It alleges Neefe replied, "Why shouldn't we be the ones to
kick it off?"

Then it alleges, on December 9, 2020, in response to
another Facebook user's message about YouTube's new terms
of service regarding election coverage, you wrote, "I know.
If SCOTUS doesn't act people are going to die. I hope this

starts the war."

Then it alleges, in paragraph 18, that in the weeks leading up to January 6, 2021, Neefe and you shared your intentions and plans to travel to Washington on that date with one another and others.

And then it gives as an example that on December 22, 2020, there's a conversation between Neefe and you that sets forth there a certain conversation.  It says -- it quotes you as saying, "The call to action was put out to be in DC on January 6 from the Don himself.  The reason is that's the day Pence counts them up.  And if the entire city is full of Trump supporters, it will stop the for sure riots from burning down the city at least for a while."

And Neefe is quoted as saying, "We going?  Because hot damn son I really want to crack some commie skulls."

And then it quotes you as saying, "Yeah, I'm going 100 percent.  This is way more important than the last one actually.  This one's literally to save the city from chaos while they do their thing in the capital."

Then in paragraph 19, it alleges that you encouraged others to join you and Neefe to travel to Washington on January 6, 2021.  It alleges that you wrote another Facebook user on December 22, 2020: "Hey man if you want to go down to DC on the 6th Trump is asking everyone to go.  That's the day Pence counts up the votes and they need supporters to fill the

streets so when they refuse to back down the city doesn't burn

down right away.  It's the only time he's ever specifically

asked for people to show up.  He didn't say that's why but

it's obviously why."

Then it alleges in paragraph 20: On December 22 to 23,

2020, you mentioned other Facebook users to urge them to

"come to Washington, DC, to fill the streets so when they

refuse to back down the city doesn't burn down right away,"

and told a Facebook friend he could "ride down with me and

Marshall."  Smith also told a friend they were buying axe

handles and mailing American flags to them "so we can wave

the flag but also have a giant beating stick just in case."

Then in paragraph 21, it alleges, from December 25 to 26,

2020, you and Neefe discussed bringing batons with you to

Washington on January 6, 2021.  Neefe sent a photograph of a

wooden club he had made to you and others with the caption,

"Now introducing the Commie Knocker" and commented "getting

prepped for the 6th lol" and "going to DC to make sure them

little bitches don't burn down the city when Trump is

announced as president."

Then paragraph 22, it alleges that on December 31, 2020,

Smith continued to message other Facebook users, encouraging

them to go to Washington, D.C., on January 6, 2021.  For

example, he told one user, "Take off the 6th man!  It's the

Big one!!!  Trump is literally calling people to DC in a show

of force.  Militias will be there and if there's enough people
they may fucking storm the buildings and take out the trash
right there."

Then in paragraph 23, it alleges that, in addition, on
December 31, 2020, Neefe and you continued to discuss the
election results and their plans to attend the upcoming rally
in Washington, D.C., on January 6, 2021.

You message Neefe, "I can't wait for DC.  Apparently it's
going to be WAY bigger LOL.  If it's big enough we should all
just storm the buildings.  Seriously.  I was talking to my Dad
about how easy that would be with enough people."

In paragraph 24 it alleges that on January 3, 2021, you
messaged another Facebook user that you had obtained a KA-BAR
military-style knife that you planned to take to Washington,
D.C.  "Got a K-BAR knife today...it's the Military killin
knife...Just needed a good one for DC."

You sent the other user a photo of the knife that shows the
full length of the knife, including the handle and fixed-blade
with KA-BAR's signature 'KA-BAR CLEAN NY' stamp on the tang."

Paragraph 25 alleges that on January 5, 2021, you commented
on another Facebook user's post "Sacrifice the Senate!!!!!"

Paragraph 26 alleges that on January 6, 2021, you posted
on Facebook that you and Neefe traveled to Washington, D.C.,
together, and referred to Neefe as your ride.  Photos and
videos taken on January 6, 2021, and shared on your Facebook

1    pages shows both and you Neefe outside the Capitol that

2    day approaching the Capitol grounds and on the grounds

3    participating in the riot.

4        You later shared on Facebook a video of you toward the

5    Capitol building with Neefe, stating, as you both smiled,

6    "They're rushing the Capitol right now.  There's people

7    literally rushing it right now.  Sic semper tyrannis."

8        You sent this video to another Facebook user with the

9    caption, "Here's when first got there and just started rushing

10    it.  First few hundred people to hit it."  The video depicts

11    Neefe and you together walking towards the Capitol with Neefe

12    holding the wooden club.

13        Then in paragraph 27 it alleges that on a video you

14    recorded as you approached the Capitol, you stated, with Neefe

15    walking beside you, "We're literally storming the Capitol.

16    The gate - this whole area is blocked off to the public.

17    We're saying, Fuck it!  Sic semper tyrannis, bitch.  Down with

18    tyrants."

19        In paragraph 28, it alleges in another video you recorded

20    that after you and Neefe entered the Capitol grounds you

21    stated, "We're literally here.  We stormed the gates of the

22    Capitol.  Everybody just kept rushing."

23        You then turn the camera on Neefe, who appeared to be

24    within arm's length of you and still holding the wood club

25    in his right hand, and stated, "What's up, Marshall?"  Neefe

responded by looking into the camera and nodding affirmatively.

29 alleges that, on the Capitol grounds, Neefe and you participated in hoisting and pushing a large metal sign frame holding an oversized "Trump" sign into a defensive line of Metropolitan Police Department officers, attempting to prevent rioters from further advancing on the west front plaza of the Capitol.

Paragraph 30 alleges that, consistent with your statement that you obtained a military-style knife for the purpose of bringing it to Washington, D.C. on January 6, 2021, you sent messages on Facebook from January 6th to 7th, 2021, admitting you had a knife on Capitol grounds. You told one Facebook user that "I stood back while Marshall went in to take a quick peek/piss. I had my brand-new KA-BAR knife and a few nugs. Hell know [sic]."

When a Facebook user asked Smith if he entered the Capitol, Smith replied, "No...I'm not retarded...I was the people crawling up the side of the building. I wasn't going to jail with my KA-BAR."

Paragraph 31 alleges, in a video you recorded and later shared, you yelled and encouraged rioters to keep forcing the door to the Capitol closed to keep law enforcement officers inside the building so they could not respond to the riot that was occurring outside the Capitol.

Paragraph 32 alleges that you entered the Capitol building,

including the Rotunda -- that Neefe entered the building, including the Rotunda, where he disregarded commands from law enforcement officers to leave the Rotunda.

And then in paragraph 33, it alleges that after you and Neefe left the Capitol grounds, you and Neefe continued to discuss your actions on January 6, 2021, the success at stopping the electoral vote certification, and the potential for further violent action.

Then paragraph 34 alleges that on January 6, 2021, Neefe posted regarding someone getting shot at the Capitol and stated, "Then we heard the news on Pence...And lost it.  So we stormed."  And he also admitted, "Glad I got to be a part... They tried shutting us down and hadn't I said something they would've too."

"He," meaning Neefe, "further admitted, 'I'm bringing a gun next time idec....It's only going to get more violent. Today was pussy shit, dude...if I had my way every cop who hurled a baton or maced us would be lined up and put down... We made sure know we fucking OWN them -- they know we fucking OWN them."

Paragraph 35 alleges that from January 6th to 7th, you posted, "Got Gassed so many times, shit is spicy but the Adrenaline high and wanting to 'Get' Pelosi and those fucks, it was bearable."

You also admitted, "Oh yeah.  The time will come for some

1    of them.  But today's mission was successful!  Remember

2    how they said today was the final day & that Biden would be

3    certified?  Well we literally chased them out into hiding.

4    No certification lol.  Pence cucked like we knew he would but

5    that was an Unbelievable show of force and it did its job."

6        So with all those allegations, then the government is

7    alleging in that Count 1, a violation of 18 U.S.C. § 1512(k),

8    which is the conspiracy to commit Obstruction of an Official

9    Proceeding.  That's what you'd be actually pleading guilty to.

10       And then the other plea would be to a lesser-included of

11   Count 4.  Count 4 is the using a -- Assaulting, Resisting,

12   or Impeding Certain Officers Using a Dangerous Weapon.

13       And what is the lesser-included that the plea is to?

14            MS. LEE:  That's the 111(a)(1), Your Honor.

15            THE COURT:  Okay.  Which is what?

16            MS. LEE:  That's Assaulting, Resisting, or Impeding

17   Certain Officers Using a Dangerous Weapon.

18            THE COURT:  Okay.  Assaulting.  Okay.

19        So the charge is did forcibly assault, resist, oppose,

20   impede, intimidate, interfere with.  So it would be the

21   assault part?

22            MS. LEE:  That's correct, Your Honor.  And I'm sorry.

23   I misspoke.  The "A" is not using a dangerous weapon.  It is

24   just the assault, resist, or impede certain officers.

25            THE COURT:  So the "A" is assault on an officer.

1          MS. LEE:  Correct, Your Honor.

2          THE COURT:  Okay, who was engaged in or on account

3     of the performance of his official duties.

4          MS. LEE:  That's correct.

5          THE COURT:  That's the lesser-included.

6          MS. LEE:  Yes, Your Honor.

7          THE COURT:  What is the maximum penalty on the Count 4

8     lesser-included?

9          MS. LEE:  The maximum penalty.  It's eight years,

10    Your Honor.

11         THE COURT:  I see.  It says eight years in the plea

12    agreement.  Right?

13         MS. LEE:  That's correct.

14         THE COURT:  And then the maximum penalty on the Count 1

15    charge is 20 years in prison.

16         MS. LEE:  That's correct, Your Honor.

17         THE COURT:  Okay.  And a fine of -- on Count 1, the

18    fine would be -- the maximum would be $250,000 or twice the

19    pecuniary gain or loss, term of supervised release of not more

20    than three years, an obligation to pay any applicable interest

21    or penalties on fines or restitution.

22        And then the Count 4 would be eight years maximum in prison,

23    fine of $250,000 or twice the pecuniary gain or loss, term of

24    supervised release of not more than three years.  Both of them

25    require a special assessment of $100 per count.  It's required

1    to be imposed by law.

2        So you understand -- well, first of all, you understand

3    what the two counts are you're pleading guilty to, Mr. Smith?

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  I just went over with you -- okay.

6    That's the offenses you're actually pleading to.

7        You understand what they are?  You do, correct?

8            THE DEFENDANT:  Yes.  Yes, I do, Your Honor.

9            THE COURT:  Okay.  And you understand the maximum

10   statutory penalties of what I just read there, 20 years on

11   Count 1 and 8 years on Count 4?

12           THE DEFENDANT:  Yes, I do, Your Honor.

13           THE COURT:  Okay.  And then you and Mr. Cooper talked

14   about the sentencing guidelines, how they might apply in your

15   case, and that the calculation that might apply is estimated

16   in the plea agreement here too.  Right?

17           THE DEFENDANT:  Yes.  We did talk about that, Your Honor.

18           THE COURT:  Okay.  And you understand that the way

19   the guidelines work is I won't actually determine what the

20   guidelines are in the case until after a presentence report is

21   completed and you and the government have an opportunity to

22   challenge what the guidelines are in the case.

23       You understand that?

24           THE DEFENDANT:  Yes, I do, Your Honor.

25           THE COURT:  And you understand, after I decide what the

guidelines are, I have authority in some circumstances to

impose a sentence that's more severe or less severe than the

guidelines.  You understand that?

THE DEFENDANT:  Yes, I do, Your Honor.

THE COURT:  Okay.  You understand that under some

circumstances, you or the government may have the right to

appeal the sentence that I impose?

THE DEFENDANT:  Yes, I do understand, Your Honor.

THE COURT:  Okay.  Has anyone threatened you or anyone

else or forced you in any way to enter this plea of guilty?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Okay.  I'm going to ask your attorney to

explain the plea agreement in some detail so I can be sure

you really understand it.  I have here what you held up there,

your signature on the last page of it, but I want to be sure

you understand it, because if you have any question at all

about it, I'm the one that can resolve it if you have any

questions.  But I'll let Mr. Cooper go through the agreement

first.

MR. COOPER:  I'm just pulling it up.  Brief indulgence.

THE COURT:  Yes.  If you just want to give us a brief

description of the agreement so I can be sure the defendant

understands it.

MR. COOPER:  Sure.  I can summarize.

Mr. Smith is pleading guilty to the two counts.  We have

1    discussed the government is going to dismiss all other

2    remaining counts in the indictment, and I believe the

3    government is not asking for -- today is not going to be

4    asking for Mr. Smith to be stepped back, but the government

5    is reserving its allocution.

6         THE COURT:  Okay.  Mr. Smith, I guess, first of all,

7    has anyone made any prediction or promises to what sentence

8    I will give you in this case?

9         THE DEFENDANT:  No, Your Honor.

10         THE COURT:  You understand they can't.  I don't know

11    myself right now.  I'll look at the guidelines.  I'll hear

12    from you and your attorney and the government at the time of

13    sentencing.  You understand that?

14         THE DEFENDANT:  Yes.  I understand, Your Honor.

15         THE COURT:  I also have a statement of the offense

16    here.  You signed this, I take it, as well, so you have that

17    before you as well?

18         THE DEFENDANT:  I know I did sign it, but I don't see

19    that with me right now.

20         THE COURT:  Okay.  Did you go over that carefully with

21    Mr. Cooper?

22         THE DEFENDANT:  Yes.  Yeah.

23         MS. LEE:  And, Your Honor --

24         THE COURT:  Is that what really happened here?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  So you are, in fact, guilty of the offense.

2          THE DEFENDANT:  Yes, Your Honor.

3          MS. LEE:  And my apologies, Your Honor.  There was

4    just one other element of the plea that I wanted to put on

5    the record, if I may.  It's just the $2,000 restitution.

6          THE COURT:  Yes.  Oh, I failed to cover that.

7      You were agreeable to the restitution provision for $2,000.

8    It's in the plea agreement as well.  Right?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Okay.

11     All right.  Mr. Smith, since you acknowledge that you are

12   guilty as charged, since you know your right to trial, since

13   you know what the maximum possible punishment is, since I've

14   discussed the sentencing guidelines with you, since I hereby

15   find you're voluntarily pleading guilty, I accept your plea

16   of guilty to Count 1 of the superseding indictment and to the

17   lesser-included count of assault on an officer in Count 4 of

18   the superseding indictment.

19     At the time of sentencing, then the government will move to

20   dismiss the remaining counts, and I'll set a sentencing date.

21   The government is not requesting any change or condition, so

22   as long as you stay within your current conditions as you have

23   throughout, the Court has been having to give 90 days for the

24   preparation of the presentence report, so let me see what date

25   we can set.

 1            MS. LEE:  And, Your Honor, just before -- I apologize

 2       for interrupting.  Just before we move to the date, would

 3       Your Honor like us to read the Statement of Offense into the

 4       record?

 5            THE COURT:  No.  I'll put in what counsel signed and

 6       the defendant has signed as well.

 7         Does the clerk have a date for after 90 days?

 8            THE DEPUTY CLERK:  I do not, Judge.  I don't have

 9       access to your calendar.

10            THE COURT:  Okay.  I've got it.  Let me look.

11         I think we're going to have to plan on in-person because

12       right now I don't think the CARES Act is going to be extending

13       that far.  September 23rd at 10 a.m. look good?

14            MR. COOPER:  That's fine with me, Your Honor.

15            THE DEFENDANT:  That's good with me, Your Honor.

16            THE COURT:  That work for the government?

17            MS. LEE:  I'm conferring with my co-counsel.

18         Yes, Your Honor.  That works for the government.  Oh, I'm

19       sorry.  Actually, you said the Friday, September 23rd?

20            THE COURT:  Yes.

21            MS. LEE:  I actually have a trial-readiness hearing

22       at 10 a.m. that morning.  I could do the afternoon.

23            THE COURT:  At 2:00?

24            MS. LEE:  That's fine.

25            THE COURT:  That work, Mr. Cooper?

1            MR. COOPER:  I'm sorry.  What time again?

2            THE COURT:  2 p.m.

3            MR. COOPER:  2 p.m.  Yeah, that's fine with me.

4            THE COURT:  On the 23rd.  All right.  I'll set

5    sentencing for 2 p.m., September 23rd, then.

6            MR. COOPER:  Very good.

7            THE COURT:  All right.  Thank you very much, counsel.

8            MS. LEE:  Thank you, Your Honor.

9            THE COURT:  I'll see you, Mr. Smith, on September 23rd.

10           THE DEFENDANT:  All right.  Sounds good, Your Honor.

11   Thank you, Your Honor.

12           THE COURT:  I'll put the Plea Agreement and the

13   Statement of Offense and the Waiver of Trial by Jury into the

14   record so they can be filed in the record, and I'll refer it

15   for preparation of the presentence report.

16       Any sentencing memo and letters, if you file them a few

17   days before, they're helpful.  So I'll read them right before

18   the sentencing date.

19           MR. COOPER:  Very well, Your Honor.  Thank you.

20           THE COURT:  Thanks very much, counsel.  I'll be

21   in recess.

22       (Proceedings adjourned at 2:41 p.m.)

23

24

25

\* \* \* \* \* \*

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

*/s/ Bryan A. Wayne*
Bryan A. Wayne